MORGAN, LEWIS & BOCKIUS LLP
(Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, NJ 08540-6241
609.919.6600
René M. Johnson
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE ADAMS,<br><br>        Plaintiff,<br><br>v.<br><br>METROLOGIC INSTRUMENTS, INC.,<br>et al.,<br><br>        Defendants. | CIVIL ACTION NO.: 08-cv-00422-NLH-AMD<br><br>DISCOVERY CONFIDENTIALITY ORDER |

**WHEREAS** this matter comes before the Court, in compliance with Local Civil Rule 5.3(b)(2), pursuant to the parties' intention to adequately protect documents, materials and/or information subject to discovery which they assert will include Confidential Material defined as confidential personal information relating to various individuals not parties to this litigation;

**NOW, THEREFORE,** upon good cause shown and upon the consent of the parties, it is hereby **ORDERED THAT:**

1. It is the intent of this Agreement that the parties and third parties will designate materials as "confidential" in good faith. Any party or third party may designate as "confidential" any information, material, or business records for which a good faith claim of confidentiality can be made. Publicly available materials (such as periodicals, magazines, newspapers, press releases, government or trade association publications or data, or SEC filings) may not be designated as "confidential." If a party believes in good faith that any written, recorded, or graphic material, tangible items or any other form of information that it produces in this action pursuant to pretrial discovery, court order, or agreement of the parties contains Confidential Material, it may designate such material as Confidential in writing, by marking the document Confidential, or by any other reasonable method.

2. For purposes of this Order, "Producing Party" or "Designating Party" means a party that produces Confidential Material or other information in connection with this litigation or that designates a document containing such Confidential Material as Confidential.

3. For purposes of this Order, "Recipient" means a party (or a party's counsel) who receives Confidential Material or other information from the Producing Party in discovery in this litigation.

4. If any party's counsel disagrees with a designation made pursuant to this Order, that disagreement shall be conveyed to opposing counsel within ten (10) business days of receipt of the materials designated as "confidential." In the interim, all materials designated as Confidential shall be treated as such. If no agreement can be reached as to the disputed designation, that dispute shall be submitted to the Court for resolution pursuant to Local Civil Rule 37.1(a)(1).

5. Before any documentation which is marked as Confidential is included in any pleadings, briefs, memoranda or other documents that may be filed with the Court, the following Confidential Material contained in said marked documents, shall be obscured so as not to be discernable: 1) name of the person which the document pertains except for the first letter of the first, middle and last name of the individual; 2) the address of the person referred to in the document; 3) the home telephone number of the person referred to in the document; 4) the social security number of the person referred to in the document; (5) any other information the parties agree which the identity of the persons referred to in any documents can be derived; and (6) any other information which the parties agree to be of confidential information to be designated as Confidential Material.

6. Each person to whom Confidential Material, or data and information obtained, derived, or generated from Confidential Material, is disclosed, including experts or consultants retained by the parties, shall first be advised of the existence and the contents of this Order and shall be bound by its terms. No such person shall divulge any Confidential Material, or any data or information obtained, derived, or generated from Confidential Material, to any other person, except as provided herein.

7. All Confidential Material produced hereunder shall be retained in the possession and control of counsel receiving such Confidential Material in such a manner as to preserve its confidential nature.

8. Information and documents marked Confidential may be used as exhibits or otherwise during depositions taken in this proceeding. If documents, designated as Confidential, are entered as exhibits during depositions, the documents are automatically subject to this Confidentiality Order. Whenever a Confidential document or information contained therein is

discussed in a deposition, counsel for either party may, at the time of the deposition or within 15 days following receipt of a copy of the transcript from the reporter, designate by page and line those portions of the transcript deemed confidential. Thereafter, before disclosure of that part of the transcript designated confidential, that part shall be obscured in the same manner as set forth in paragraph 5. The deposition or hearing testimony in dispute shall remain Confidential subject to the terms of this Order until the issue is resolved among the parties or by the Court.

9. The parties acknowledge that Local Civil Rule 5.3 governs the circumstances under which materials may be filed under seal with the Court. The parties further acknowledge that during the course of this litigation a party may file with the Court a motion, pleading or other materials which may contain documents and/or information designated by either party as Confidential pursuant to the terms of this Confidentiality Order. The following procedure shall govern the filing of such materials with the Court:

(a) If the party filing the motion, pleading or other materials includes any material designated as Confidential in which Confidential Material is not obscured pursuant to paragraph 5, the Filing Party shall file such material under the designation "Confidential Materials," as required by Local Civil Rule 5.3(c)(3). Pursuant to Local Civil Rule 5.3(c)(1), the Filing Party must also file a motion to seal the Confidential Materials. In the event that the Filing Party is not the Producing/Designating Party, the motion filed by the Filing Party may be an abbreviated motion (as long as it meets the technical requirements of Local Civil Rule 5.3(c)(2)), and the Producing/Designating Party shall thereafter have ten (10) days from receipt of the motion to join the motion and provide a more thorough justification for the designation of the materials as Confidential Material. If the Producing Party fails to join the motion within ten

4

(10) days, or if the motion to seal is denied, then the "Confidential Materials" shall be unsealed, and become part of the public record.

10. Confidential Material, or data and information obtained, derived, or generated from Confidential Material, shall be disclosed only to:

- (a) The Court and Court personnel;
- (b) The parties' attorneys of record in this action and persons employed in the parties' attorneys' offices;
- (c) The parties and their agents;
- (d) Witnesses;
- (e) Independent experts (including their staff);
- (f) Court reporters who record testimony taken in the course of this litigation; and,
- (g) The jury.

11. With the exception of documents or information available to the public, all information obtained by a Recipient in discovery in this litigation that is Confidential Material shall be used by the Recipient solely for the prosecution or defenses of the claims in this litigation, including appeals, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media, or other purposes. It shall be the duty of each party and each individual having notice of this Order to comply with this Order from the time of such notice.

12. If, while this Action is pending, any Confidential Material, information, or data obtained, derived, or generated therefrom, is sought through discovery by any party in any subsequent judicial or administrative proceeding, the parties agree that they will, within a

reasonable time, notify opposing counsel so as to permit the opposing party to seek a Protective Order from the appropriate court.

13. Within sixty business days after the final termination of this Action, whether by settlement, dismissal, or other disposition, each party's counsel shall assemble and return to opposing counsel, ~~or destroy and certify to the destruction of~~, all Confidential Material, and any material derived or generated from any Confidential Material.

14. Nothing contained herein shall be construed as requiring any party to produce Confidential Material that they believe not to be discoverable in this matter.

15. Unauthorized disclosure of Confidential Material, or data and information obtained, derived, or generated from Confidential Material by any party or by anyone acting under the direction of a party in breach of this Order, shall entitle the affected party to [file a motion for] injunctive relief.

16. Any dispute under this Order shall be submitted to the Court for resolution.

SO ORDERED, this  15th  day of  AUGUST , 2008

_____
Honorable Ann Marie Donio, U.S.M.J.

AGREED TO AND CONSENTED BY:

                                                Respectfully submitted,
**CONSOLE LAW OFFICES LLC**
*Attorneys for Plaintiff Denise Adams*

Dated: August 8, 2008          BY: _____
                                                    Stephen G. Console, Esquire

**MORGAN, LEWIS & BOCKIUS LLP**
*Attorneys for Defendant Metrologic Instruments, Inc.*

Dated: August 11, 2008         BY: _____
                                                    René M. Johnson, Esquire

**PEPPER HAMILTON LLP**
A Pennsylvania LLP
*Attorneys for Defendant C. Harry Knowles*

Dated: August 6, 2008          BY: _____
                                                    Michael Canavan, Esquire